E-FILED
Monday, 26 September, 2022  03:23:00 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| TAMICYA WADDELL, | ) | |
| | ) | |
| ***On Behalf of Herself and All*** | ) | |
| ***Other Similarly Situated Individuals*** | ) | Case No. |
| | ) | |
| Plaintiff, | ) | Equitable Relief Sought |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| DIRT CHEAP, INC. | ) | |
| d/b/a THE HIDE OUT CLUB | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HIDEOUT ON 36, INC. | ) | |
| d/b/a THE HIDE OUT CLUB | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CLASS AND COLLECTIVE ACTION COMPLAINT</u>

1.      This is a Class and Collective Action brought by Plaintiff Tamicya Waddell ("Plaintiff")

against Defendants Dirt Cheap, Inc. d/b/a The Hide Out Club, located within Douglas County,

Illinois, at East 650 US-36, Tuscola, Illinois 61953 and Hideout On 36, Inc. d/b/s The Hide Out

Club, located within Douglas County, Illinois at East 650 US-36, Tuscola, Illinois 61953

(hereafter "Hide Out Club" or "Defendants").

2.      The Class and Collective is composed of more than forty (40) individuals that, during the

relevant period of August 2019 through the date of judgment in this case ("the relevant period"),

worked or performed as exotic dancers for, at, or in Defendants' Hide Out Club in Tuscola,

Illinois.

3.      During the relevant period, Defendants misclassified Plaintiff and all other members of the Class and Collective as non-employee contractors while Plaintiff and the other members of the Class and Collective worked or performed as exotic dancers for, at, or in Defendants' Hide Out Club in Tuscola, Illinois.

4.      Arising from Defendants' class-wide misclassification of Plaintiff and all other members of the Class and Collective, Defendants failed to pay Plaintiff and all other members of the Class and Collective  compensation as required under the Federal Fair Labor Standards Act, 29 USC 201, *et seq.* ("FLSA"),the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Ann. 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, et seq. ("IWPCA").

5.      Plaintiff brings this Class and Collective action against Defendants, individually and on behalf of the members of the Class and Collective, seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6.      Plaintiff is an adult resident of Decatur, Illinois.

7.      Plaintiff's Written Consent to participate as a Plaintiff in this action to recover unpaid wages and damages under the FLSA is attached hereto as Exhibit 1.

8.      Dirt Cheap, Inc. is a corporation, formed in the State of Illinois, that operates as the Hide Out Gentlemen's Club, featuring female exotic dancers, operating continuously throughout the relevant period at the address East 650 US-36, Tuscola, Illinois 61953.

9.      Hideout On 36, Inc. is a corporation, formed in the State of Illinois, that operates as the Hide Out Gentlemen's Club, featuring female exotic dancers, operating continuously throughout

relevant period at the address East 650 US-36, Tuscola, Illinois 61953.

10.     During the relevant period, Dirt Cheap, Inc. and Hideout On 36, Inc., operated under common ownership and management, namely Mike Bickers and his immediate family members and his personal business associates.

11.     During the time relevant to this action, Mike Bickers held a substantial ownership and/or financial interest in Dirt Cheap, Inc. and Hideout On 36, Inc.

12.     During the time relevant to this action, Mike Bickers and his immediate family members and his personal business associates acted as the senior administrators and/or managers in charge of directing and controlling the business operation of the Hide Out Club, by and through the Dirt Cheap, Inc. and Hideout On 36, Inc. business entities.

13.     During the time relevant to this action, Mike Bickers, his immediate family members, his personal business associates, and interchangeable agents on behalf of Dirt Cheap, Inc. and Hideout On 36, Inc. acted as Plaintiff and the Class and Collective Member's most senior managers and supervisors as agents at the Hide Out Club.

14.     During the time relevant to this action, Mike Bickers, his immediate family members, his personal business associates, and interchangeable agents on behalf of Dirt Cheap, Inc. and Hideout On 36, Inc. had the authority to hire and fire Plaintiff and the Class and Collective Members while dancing and/or performing at the Hide Out Club.

15.     During the time relevant to this action, Mike Bickers, his immediate family members, his personal business associates, and interchangeable agents on behalf of Dirt Cheap, Inc. and Hideout On 36, Inc. participated substantially in setting and communicating Plaintiff and the Class and Collective Member's rate and method of compensation while each danced and/or performed at the Hide Out Club.

16.     During the time relevant to this action, agents on behalf of Dirt Cheap, Inc. and Hideout On 36, Inc., held full authority to set and/or modify Plaintiff and the Class and Collective Members' work duties and/or work responsibilities while dancing and/or performing at the Hide Out Club.

17.     During the time relevant to this action, agents acting on behalf of Dirt Cheap, Inc. and Hideout On 36, Inc. were in charge of keeping and/or maintaining all employment records related to Plaintiff and the Class and Collective Members.

18.     During the time relevant to this action, Dirt Cheap, Inc. and Hideout On 36, Inc. qualified as a "single enterprise employer," operating together as a single business operation, owned, administered, and controlled the business operation and business decisions affecting the operations of the Hide Out Club.

19.     At all times relevant to this action, Defendants' ownership and management supervised and managed Plaintiff and other members of the Class and Collective while each worked or performed as exotic dancers at Defendants' Hide Out Club, participated substantially in misclassifying Plaintiff and other members of the Class and Collective as non-employee contractors rather than as employees, set the rate and method of compensation (or failure of compensation) for Plaintiff and the members of the Class and Collective, and was substantially in charge of keeping and maintaining all employment records for Plaintiff and all members of the Class and Collective.

20.     During the relevant period, Defendants purchased and served beverage and pre-packaged food products and other consumer goods that were manufactured outside of Illinois and traveled and/or passed through interstate commerce.

21.     During the relevant period, Defendants purchased and utilized equipment and goods

4

used to operate the Hide Out Club such as bar equipment, cutlery, tableware, and paper goods that were manufactured outside of Illinois and traveled and/or passed through interstate commerce.

22.     During the relevant period, Defendants' employees sold goods and services through the processing of clients' credit cards thereby relying on contractual assurances from processors or third parties outside of Illinois.

23.     During the relevant period, Defendants advertised to clientele outside of Illinois on the internet, including the use of a Facebook page.

24.     During the relevant period, Defendants streamed music from the internet stored outside of Illinois from providers and services based outside of Illinois and which was created by artists outside of Illinois.

25.     During the relevant period, Defendants played and/or displayed televised sporting events including "pay per view" sports that occurred outside of Illinois.

26.     During the relevant period, Defendants advertised and/or sold goods and/or services to customers that traveled from outside of Illinois and catered to this audience in part by being located very close to Interstate Highway I-57.

27.     During the relevant period, the exotic dancer work duties performed at Defendants' Hide Out Club by Plaintiff and the members of the Class and Collective were so vitally related to the functioning of the Defendants' business operation, which itself is a facility of interstate commerce as described herein, that Plaintiff and each member of the Class and Collective were individually engaged in interstate commerce.

28.     During the relevant period, Plaintiff and each member of the Class and Collective regularly selected and/or performed at or in Defendants' Hide Out Club for the entertainment

5

of Defendants' customers to music stored outside of Illinois that was streamed by Defendants through the internet from providers and services based outside of Illinois and created by artists outside of Illinois.

29.     Upon information and belief, Defendants, during the relevant period, had annual total gross revenue, including unrecorded cash sales and other transactions, that exceeded $500,000 in each relevant year.

30.     During the relevant period, Defendants qualified as Plaintiff's employer and the employer of all other members of the Class and Collective, within the meaning of the FLSA, IMWL, and IWPCA.

31.     This Court has personal jurisdiction over Defendants, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated IMWL and IWPCA state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

32.     Venue is proper in the Urbana Division of the Central District of Illinois because the acts complained of occurred in Douglas County, Illinois.

## FACTS

33.     Plaintiff was employed as an exotic dancer by Defendants at Defendants' Hide Out Club in Tuscola, Illinois, during the period of about January 2013 through December 2021.

34.     While employed, the number of shifts Plaintiff worked per week as an exotic dancer at or in Defendants' Hide Out Club was subject to the selection and discretion of Defendants and its ownership and management and Plaintiff's availability to work and typically varied from 0-3 shifts per week.

35.     While employed, each shift Plaintiff worked as an exotic dancer at or in Defendants'

Hide Out Club customarily lasted about 3-5 hours.

36.     On information and belief, Defendants have possession of time and/or sign in or similar attendance records for Plaintiff and all other members of the Class and Collective documenting Plaintiff and each member of the Class and Collective's employment attendance at or in Defendants' Hide Out Club during the relevant period.

37.     Defendants had actual knowledge of all hours Plaintiff and all other members of the Class and Collective worked each shift through sign in or tip-in sheets, dance records, and shift-managers monitoring and supervising Plaintiff and the members of the Class and Collective's work duties performed at or in Defendants' Hide Out Club throughout the relevant period.

38.     At no time during the relevant period did Defendants ever pay Plaintiff or any other member of the Class or Collective any wages for hours that Plaintiff or any member of the Class or Collective worked as exotic dancers at or in Defendants' Hide Out Club each week.

39.     At all times during the relevant period, Defendants totally failed to pay wages or any kind of compensation to Plaintiff or any member of the Class or Collective for work duties performed as exotic dancers at or in Defendants' Hide Out Club.

40.     At all times during the relevant period, Defendants misclassified Plaintiff and all members of the Class and Collective as non-employee contractors while Plaintiff and the members of the Class and Collective worked or performed as exotic dancers at or in Defendants' Hide Out Club.

41.     At all times during the relevant period, Plaintiff and each member of the Class and Collective qualified as Defendants' employees (as the term is defined under the FLSA, IMWL, and IWPCA) while Plaintiff and the members of the Class and Collective worked or performed as exotic dancers at or in Defendants' Hide Out Club.

42.     At all times during the relevant period, Defendants had the full right and authority to control all aspects of the job duties Plaintiff and each member of the Class and Collective performed at or in Defendants' Hide Out Club through employment rules and workplace policies that could be enforced, or not, at Defendants' managers' sole discretion.

43.     At all times during the relevant period, Defendants controlled the method by which Plaintiff and each member of the Class and Collective could earn money while working as exotic dancers at or in Defendants' Hide Out Club by controlling and dictating if, when, and during what shifts Plaintiff and each member of the Class and Collective were permitted to work, establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

44.     At all times during the relevant period, Defendants required Plaintiff and all other members of the Class and Collective to perform private and semi-private dances at or in Defendants' Hide Out Club under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

45.     Prior to or during the relevant period, Defendants hired Plaintiff and each member of the Class and Collective to work or perform as exotic dancers at or in Defendants' Hide Out Club and had the authority and the ability to discipline them, fine them, fire them, and adjust their work schedules.

46.     At all times during the relevant period, Defendants, through supervisors and managers, supervised the exotic dancer work duties performed by Plaintiff and each member of the Class and Collective to make sure their job performance was of sufficient quality.

47.     Prior to or during the relevant period, Defendants conducted initial interviews, auditions, and vetting for Plaintiff and each member of the Class and Collective and, at the Defendants'

8

sole discretion, Defendants' management and/or ownership could deny any Plaintiff or any member of the Class and Collective access or ability to work or perform as an exotic dancer at or in Defendants' Hide Out Club.

48.    At all times during the relevant period, Defendants had full right and authority to suspend or send Plaintiff or other member of the Class and Collective home and away from Defendants' Hide Out Club if Plaintiff or any other member of the Class or Collective violated Defendants' rules or policies or if Defendants' ownership or management, at their discretion, did not want Plaintiff or any member of the Class or Collective to work or perform as an exotic dancer at Defendants' Hide Out Club.

49.    Prior to and during the relevant period, as a condition of employment with Defendants as an exotic dancer working at or in Defendants' Hide Out Club, Defendants did not require Plaintiff or any member of the Class or Collective to have or possess any requisite certification, education, or specialized training.

50.    At all times during the relevant period, Defendants was in the business of operating a Gentlemen's Club featuring female exotic dancers.

51.    At all times during the relevant period, it was the primary job duty of Plaintiff and each member of the Class and Collective to work or perform as exotic dancers at or in Defendants' Hide Out Club for the entertainment of Defendants' customers.

52.    At all times during the relevant period, in addition to failing to pay Plaintiff and the members of the Class and Collective any wages for hours worked as exotic dancers at or in Defendants' Hide Out Club, Defendants required Plaintiff and each member of the Class and Collective to pay the Defendants and/or its ownership or management a mandatory fee or kickback of about $10.00-$30.00 or more for each shift Plaintiff and each member of the Class

and Collective worked or performed as an exotic dancer at or in Defendants' Hide Out Club.

53.     Regularly during the relevant period, Defendants deducted and/or charged Plaintiff and the members of the Class and Collective money during or after shifts.  This money was kept by Defendants and/or its ownership for personal use or to pay for overhead and similar expenses related to the overhead or operations of Defendants' Hide Out Club.

54.     At all times during the relevant period, without legal excuse or justification, Defendants regularly and customarily kept and/or assigned to management, DJs, and non-dancer employees tips and gratuities Plaintiff and each member of the Class and Collective received from customers.

55.     On information and belief, at all times relevant to this action, Defendants had actual or constructive knowledge that Defendants misclassified Plaintiff and each member of the Class and Collective as non-employee contractors instead of as employees.

56.     On information and belief, at all times relevant to this action, Defendants had actual or constructive knowledge that its failure to pay any wages to Plaintiff and each member of the Class and Collective for hours Plaintiff and each member of the Class and Collective worked or performed as exotic dancers at or in Defendants' Hide Out Club was in direct violation of the FLSA and the IMWL minimum wage compensation requirement.

57.     On information and belief, at all times relevant to this action, Defendants had actual or constructive knowledge that its charging and/or assessment of per-shift entrance fees and charging of money for Defendants' own use related to its overhead and business operation expenses from Plaintiff and each member of the Class and Collective was in direct violation of the IWPCA wage deduction prohibition.

58.     On information and belief, at all times relevant to this action, Defendants had actual or

constructive knowledge that its deduction, assignment, and/or withholding of gratuities earned by Plaintiff and each member of the Class and Collective was in direct violation of the IWPCA prohibition against employers keeping gratuities.

## CLASS ALLEGATIONS

59.     Plaintiff brings her IMWL and IWPCA claims in this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60.     The IMWL Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant period, (i) worked or performed as exotic dancers at or in Defendants' Hide Out Club; (ii) were designated or classified by Defendants as non-employee contractors; and, arising therefrom, (iii) were not paid minimum wage compensation by Defendants for hours worked as exotic dancers at or in Defendants' Hide Out Club at a direct hourly rate at least equal to the Illinois Minimum Wage (hereinafter, "the IMWL Class").

61.     The IWPCA Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant period, (i) worked or performed as exotic dancers at or in Defendants' Hide Out Club and (ii) were subject to and paid Defendants and/or its management or agents money for per-shift entrance fees; and/or (iii) were subject to and paid Defendants money deducted, assigned, and/or withheld from earned tips and gratuities for Defendants' own use related to its overhead and business operation expenses in violation of the IWPCA wage deduction prohibition (hereinafter, "the IWPCA Class").

62.     On information and belief, both the IMWL Class and the IWPCA Class are believed to exceed forty (40) individuals and is therefore so numerous that joinder of all members of the Class is impracticable.

63.     The questions of law and fact common to Plaintiff and the IMWL Class that predominate

over any questions solely affecting individual members, include, but are not limited to:

    i.    Whether Plaintiff and the members of the Class qualified as Defendants'

        "employees" as the term is defined by the IMWL while working as exotic dancers

        at or in Defendants' Hide Out Club during the relevant period; and

    ii.    Whether Defendants violated the Illinois minimum wage compensation

        requirements by not paying Plaintiff or the members of the Class any wages for

        hours worked as exotic dancers at or in Defendants' Hide Out Club during the

        relevant period.

64.    The questions of law and fact common to Plaintiff and the IWPCA Class that predominate over any questions solely affecting individual members, include, but are not limited to:

    i.    Whether Plaintiff and the members of the Class qualified as Defendants'

        "employees" as the term is defined by the IWPCA while working as exotic

        dancers at or in Defendants' Hide Out Club during the relevant period; and

    ii.    Whether Defendants violated the IWPCA deduction and withholding prohibitions

        by charging Plaintiff and the members of the Class a per shift entrance fee and/or

        by charging or deducting money from Plaintiff and the member of the Class's

        earned gratuities or personal money for Defendants' use related to the operational

        needs Defendants' Hide Out Club during the relevant period.

65.    Plaintiff's IMWL minimum wage claims and IWPCA claims against Defendants are typical of those of the Class.

66.    Plaintiff, like the other members of the Class, was misclassified by Defendants as a non-employee contractor and was denied her rights to minimum wage compensation under the

IMWL while working as an exotic dancer at or in Defendants' Hide Out Club during the relevant period.

67.     Plaintiff, like the other members of the Class, was charged a per shift entrance fee for each shift worked and was subject to charges and/or deductions from gratuities, tips and/or personal monies for Defendants' use related to business overhead and/or related financial needs related to the operational needs of Defendants' Hide Out Club during the relevant period.

68.     Defendants' misclassification of Plaintiff and the members of the Class as a non-employee contractor while working as an exotic dancer at or in Defendants' Hide Out Club was perpetrated by Defendants pursuant to a common business practice that commonly affected Plaintiff and all members of the Class in a similar way.

69.     Defendants' practice of charging Plaintiff and the members of the Class per shift entrance fees for each shift worked and charges and/or deductions from gratuities, tips and/or personal monies for Defendants' use related to business overhead and/or related financial needs related to the operational needs of Defendants' Hide Out Club was perpetrated by Defendants pursuant to a common business practice that commonly affected Plaintiff and all members of the Class in a similar way.

70.     Plaintiff and the undersigned counsel are adequate representatives of the IMWL Class and the IWPCA Class.

71.     Given Plaintiff's loss, Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the IMWL Class and the IWPCA Class.

72.     Plaintiff has no interests that are antagonistic to those of the IMWL Class or IWPCA Class that would cause Plaintiff to act adversely to the best interests of either Class.

73.     Plaintiff has retained counsel experienced in class and collective actions and litigation

of wage and hour disputes.

74.     Plaintiff's claims under the IMWL and IWPCA are maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of each Class which would establish incompatible standards of conduct for Defendants.

75.     Plaintiff's claims under the IMWL and IWPCA are maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to each Class predominate over any questions affecting only individual members of each Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

76.     Plaintiff is pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individuals who, at any time during the relevant period, (i) worked as an exotic dancer at or in Defendants' Hide Out Club; (ii) was designated or classified by Defendants as a non-employee contractor; and (ii) was not paid by Defendants for all compensable hours worked as an exotic dancer at Defendants' Hide Out Club during the relevant period at a direct hourly rate of pay at or above the Federal Minimum (hereinafter, "the Collective").

77.     Plaintiff and the members of the Collective are similarly situated because (i) each worked as exotic dancers at or in Defendants' Hide Out Club during the relevant period; (ii) each was improperly designated or classified by Defendants as a non-employee contractor while working as an exotic dancer at or in Defendants' Hide Out Club during the relevant period; (iii) each was not paid any wages by Defendants for compensable hours worked as an exotic dancer

14

at or in Defendants' Hide Out Club during the relevant period; (iv) each was not paid direct wages by Defendants for compensable hours worked as an exotic dancer at or in Defendants' Hide Out Club during the relevant period at an hourly rate at least equal to the Federal Minimum Wage.

78.    Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, Plaintiff and each member of the Collective is now owed (i) a return of all house fee kickback payments made or paid to Defendants and/or its managers or assigns for each shift worked as an exotic dancer at or in Defendants' Hide Out Club during the relevant period; (ii) reimbursement of all tips and gratuities taken and/or assigned by Defendants and/or Defendants' managers and/or assigns for each shift worked as an exotic dancer at or in Defendants' Hide Out Club during the relevant period; (iii) payment for all hours worked as an exotic dancer at or in Defendants' Hideout Club during the relevant period in an amount equal to the Federal Minimum Wage o($7.25 per hour); plus (iv) payment of statutory liquidated damages and attorney's fees and costs as provided by FLSA for Defendants' failure to pay minimum wage compensation as required by the FLSA during the relevant period.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
#### (Failure to Pay Statutory Minimum Wages)

79.    Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

80.    The FLSA required Defendants to pay Plaintiff and all members of the Collective at an hourly rate at least equal to the Federal Minimum Wage for all compensable hours worked.

81.    The FLSA required that Defendants allow Plaintiff and all members of the Collective to

keep all tips and gratuities received from customers.

82.    As set forth above, Defendants failed to pay Plaintiff and all members of the Collective direct wages for all compensable hours worked at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

83.    As set forth above, without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and the members of the Collective and belonging to Plaintiff and the members of the Collective.

84.    Defendants' failure to pay Plaintiff and the members of the Collective as required by the FLSA was willful, knowing, intentional, and was not in good faith.

## COUNT II
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW OF 1964
### (Failure to Pay Statutory Minimum Wage)

85.    Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

86.    The IMWL required Defendants to pay Plaintiff and all members of the Class at an hourly rate at least equal to the Illinois Minimum Wage for all compensable hours worked.

87.    The IMWL required that Defendants allow Plaintiff and all members of the Class to keep all tips and gratuities received from customers.

88.    As set forth above, Defendants failed to pay Plaintiff and all members of the Class direct wages for all compensable hours worked at hourly rates in compliance with the IMWL Illinois Minimum Wage requirements.

89.    As set forth above, without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and the members of the Class and belonging to Plaintiff and the members of the Class.

16

## COUNT III
## VIOLATIONS OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

90.     Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth

herein.

91.     As set forth above, during the relevant period, Defendants charged Plaintiff and all

members of the Class a mandatory fee or charge of approximately $10.00 - $30.00 per shift as a

mandatory condition of working and performing as an exotic dancer at Defendants' Hide Out

Club each shift.

92.     As set forth above, on many instances during the relevant period, Defendants assessed

charges, deductions, or withholding from the tip wages earned and belonging to Plaintiff and the

members of the Class for Defendants' use and benefit related to the operation of Defendants'

Hide Out Club during the relevant period.

93.     At no time did Plaintiff or any members of the Class provide Defendants a written

authorization and/or written permission to deduct money or earned gratuities for Defendants' use

or benefit related to the operation of Defendants' Hide Out Club.

94.     Pursuant to IWPCA, 820 Ill. Comp. Stat. 115/1, et seq., Defendants was obligated to pay

and/or permit Plaintiff and the members of the Class to keep all monies, gratuities, and wages

earned arising from their employment as exotic dancers at or in Defendants' Hide Out Club.

95.     Defendants' unlawful deduction and withholding of gratuities, monies, and/or wages

earned by Plaintiff and the members of the Class arising from their employment as exotic

dancers at or in Defendants' Hide Out Club constitutes an unlawful conversion and willful,

knowing, intentional, violations of the IWPCA.

## RELIEF SOUGHT

        WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for

17

2205-CSB-EIL # 1 Page 18 of 19

relief against Defendants, joint and severally, as follows:

A. Permitting Plaintiff's Class claims under the IMWL and IWPCA to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiff and other members of the Class as required by the IMWL;

D. Judgment against Defendants for unlawful deductions and/or withholding of gratuities, monies, and wages earned by Plaintiff and other members of the Class in violation of the IWPCA;

E. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiff and the Collective as required by the FLSA;

F. Judgment against Defendants for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and members of the Class and Collective;

G. Judgment that Defendants' violations of the FLSA minimum wage requirements were knowing, willful, intentional, and not the product of good faith on the part of Defendants;

H. An award to Plaintiff and all members of the Class and Collective in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each member of the Class and Collective;

I. An award to Plaintiff and those similarly situated in the amount of all monies, wages, and tips and gratuities unlawfully deducted, taken, and/or assigned by Defendants and/or Defendants' management;

J.   An award of statutory liquidated damages and interest in amounts prescribed by the IMWL;

K.   An award of statutory liquidated damages and/or interest in amounts prescribed by the IWPCA;

L.   An award of statutory liquidated damages in amounts prescribed by the FLSA;

M.   An award of attorneys' fees and costs to be determined by post-trial petition;

N.   Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

O.      Such further relief as may be necessary and appropriate.

Respectfully submitted,

*Counsel for Plaintiff and Class / Collective*

Dated: September 26, 2022

    /s/ Gregg C. Greenberg
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:  (301) 587-9373
Email:  GGreenberg@ZAGFirm.com

    /s/ Athena M. Herman
Athena M. Herman, Esq., Bar No. 94873
One of Plaintiff's Attorneys
300 N.E. Perry Avenue
Peoria, Illinois 61603
Telephone:  (309) 966-0248
Fax:  (309) 674-7989
Email:  athena@athenahermanlaw.com